UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8401 PA (SHx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Tavia Lawson v. NYSA Corp. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Raymond Neal | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

On October 30, 2014, plaintiff Tavia Lawson ("Lawson") filed this putative class action against defendant NYSA Corporation ("NYSA"). Lawson alleges that NYSA has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by calling cellular telephones using an automated dialing system without first obtaining the consent. Lawson seeks to represent a class of: "All persons whtih the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dealing system within the four years prior to the filling [sic] of the Complaint." Lawson is represented in this action by Todd M. Friedman and Adrian R. Bacon of the Law Offices of Todd M. Friedman, P.C. On the Civil Cover Sheet filed with her Complaint, attorney Todd M. Friedman answered "No" to a question asking "Have any cases been previously filed in this court that are related to the present case?"

On January 21, 2014, Todd M. Friedman filed a Complaint against NYSA similarly alleging violations of the TCPA. See Todd M. Friedman v. NYSA Corp., Case No. SACV 14-97 JLS (RNBx). In that action, Todd M. Friedman sought to represent a class of: All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously provided express consent to receiving such calls within the four years prior to the filing of this Complaint." The parties in that action filed a Notice of Settlement and the matter was dismissed.

Despite being the plaintiff in the prior action and the plaintiff's counsel in this action, Todd M. Friedman did not identify Case No. SACV 14-97 JLS (RNBx) as a related case on the Civil Cover Sheet. Nor has Todd M. Friedman filed a Notice of Related Case. Local Rule 83-1.3.1 provides:

> At the time a civil action (including a notice of removal or bankruptcy appeal) is filed, or as soon as known thereafter, the attorney shall file and serve on all parties who have appeared a Notice of Related Case(s), stating whether any action previously filed or currently pending in the Central District and the action being filed appear:
> (a)     To arise from the same or a closely related transaction, happening or event; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8401 PA (SHx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Tavia Lawson v. NYSA Corp. | | |

      (b)      To call for determination of the same or substantially related or similar questions of law and fact; or
      (c)      For other reasons would entail substantial duplication of labor if heard by different judges; or
      (d)      To involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c is present.
The Notice of Related Case(s) shall also include a brief factual statement setting forth the basis for the attorney's belief that the action qualifies for related case transfer. The Notice of Related Case also shall be served concurrently with service of the complaint.

Local Rule 83-1.3.1.

      This action appears to "arise from the same or a closely related transaction, happening or event" or "call for determination of the same or substantially related or similar questions of law and fact" within the meaning of Local Rule 83-1.3. Accordingly, it appears that Lawson's counsel should have designated this case as related to Case No. SACV 14-97 JLS (RNBx).

      Lawson is therefore ordered to show cause in writing why this action is not related to <u>Todd M. Friedman v. NYSA Corp.</u>, SACV 14-97 JLS (RNBx) within the meaning of Local Rule 83-1.3. Lawson's responses shall be filed no later than November 13, 2014. The filing of a Notice of Related Case shall be deemed an adequate response to this order to show cause. Todd M. Friedman is further ordered to show cause in writing why he should not be sanctioned in an amount up to $1,000.00 for failing to identify Case No. SACV 14-97 JLS (RNBx) as a related case on the Civil Cover Sheet and for failing to file a Notice of Related Case at the time this action was filed as required by Local Rule 83-1.3.1. Todd M. Friedman's response to this order to show cause shall be filed no later than November 13, 2014.

      IT IS SO ORDERED.